FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAR 16 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
CHAYA RONESS on behalf of herself and
all other similarly situated consumers

               Plaintiff,

   -against-

CREDIT BUREAU COLLECTION SERVICES, INC.

              Defendant.
-----------------------------------------------------------

**CV 12 1331**

IRIZARRY, J.
AZRACK, M.

### CLASS ACTION COMPLAINT

**SUMMONS ISSUED**

*Introduction*

1. Plaintiff Chaya Roness seeks redress for the illegal practices of Credit Bureau Collection Services, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

*Parties*

2. Plaintiff is citizen of the State of New York who resides within this district.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4. Upon information and belief, defendant is a foreign corporation with its principal place of business located in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Chaya Roness*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about ? and on many other occasions, defendant made 15 calls to an unauthorized wireless number belonging to plaintiff.

11. On July 12, 2011 the defendant called and left a prerecorded message for the plaintiff which was overheard by plaintiff's Father.

12. The message set forth that the communication was from a debt collector.

13. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

14. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

15. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls. Plaintiff was not alerted to the calls beforehand.

16. Plaintiff personally seeks actual damages for emotional distress.

17. Said telephone message is in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the plaintiff was receiving a communication from a debt collector.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Chaya Roness on behalf of herself and the members of a class, as against the defendant.*

18. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this cause of action.

19. This action is brought on behalf of plaintiff and the members of three classes.

20. Class A consists of consumers who received the telephonic message, as did the plaintiff which was overheard by an unauthorized third party.

21. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who left a message in substantially the same form as was left for the plaintiff on or about November 22, 2011 and that the message contained violations of 15 U.S.C. § 1692c.

22. Class B of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a

consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

23. Class C consists of the class members who were charged for the call in violation of 1692f.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the messages which were overheard by unauthorized third parties, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated

individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

30. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

31. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating fifteen (15) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

32. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant also without having included the proper name of the defendant or any name for that matter.

33. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

34. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

35. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

36. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that

its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

***Violations of the Telephone Communications Privacy Act***

37. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

38. The actions of the defendant violate the TCPA.

39. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

    (a) Statutory damages provided under the TCPA and injunctive relief;

    (b) Any other relief that this Court deems appropriate and just under the circumstances.


Dated: Cedarhurst, New York
March 14, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-8-