UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CHAYA RONESS, on behalf of herself and all other similarly situated consumers**,

*Plaintiff*,

-*vs*-

**CREDIT BUREAU COLLECTION SERVICES, INC.**,

*Defendant*.

**ANSWER**

Civil No. 12-CV-1331

Defendant, Credit Bureau Collection Services, Inc., by its attorneys, Hiscock & Barclay, LLP, as and for its Answer to the Complaint of Plaintiff, alleges as follows:

**Introduction**

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

**Parties**

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Admits the allegations contained in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in the Paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or

6171323.1

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

## Jurisdiction and Venue

7.     The allegations contained in the Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.     The allegations contained in the Paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

## Allegations Particular to Chaya Roness

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in the Paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Denies the allegations contained in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in the Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by plaintiff Chaya Roness on behalf of herself and the members of a class, as against the defendant.**

18.     Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

6171323.1

24.     Denies the allegations contained in Paragraphs 24, 24A, 24B, 24C, 24D and 24E of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in the Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

### Violations of the Fair Debt Collection Practices Act

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act brought by plaintiff

30.     Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 30 of the Complaint.

31.     Denies the allegations contained in Paragraph 31 of the Complaint.

32.     Denies the allegations contained in Paragraph 33 of the Complaint.

33.     Denies the allegations contained in Paragraph 33 of the Complaint.

34.     Denies the allegations contained in Paragraph 34 of the Complaint.

35.     Denies the allegations contained in Paragraph 35 of the Complaint.

36.     Denies the allegations contained in Paragraph 36 of the Complaint.

**Violations of the Telephone Communications Privacy Act**

37.     The allegations contained in the Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Denies the allegations contained in Paragraph 38 of the Complaint.

39.     Denies the allegations contained in Paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

40.     With respect to Plaintiff's allegations in the Complaint, any violations as alleged by the Plaintiff were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error.

### SECOND AFFIRMATIVE DEFENSE

41.     With respect to Plaintiff's allegations in the Complaint, any violations as alleged by the Plaintiff were not actionable due to lawful right, legal defense, legal justification and/or legal excuse.

### THIRD AFFIRMATIVE DEFENSE

42.     No actions/inactions by Defendant or its employees, agents and/or representatives, were the actual, proximate or legal cause of any of Plaintiff's alleged damages or injuries.

### FOURTH AFFIRMATIVE DEFENSE

43.     The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

44.     Upon information and belief, to the extent Plaintiff sustained damages as a result

of the allegations in the Complaint, such damages, if any, were the result of conduct on the part of persons whom the Defendant had neither control nor right of control.

## SIXTH AFFIRMATIVE DEFENSE

45.     Upon information and belief, Plaintiff may have brought this action against Defendant in bad faith and for the purposes of harassment, in violation of 15 U.S.C. 1692(k).

## SEVENTH AFFIRMATIVE DEFENSE

46.     Plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

47.     Upon information and belief, that some or all of Plaintiff's damages will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is therefore entitled to a collateral source offset under New York Civil Procedure Law and Rules Section 4545.

## NINTH AFFIRMATIVE DEFENSE

48.     The Court lacks subject matter jurisdiction over the claims set forth in the Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims under the Telephone Consumer Protection Act are barred because one or more exemptions set forth in the TCPA or promulgated by the Federal Communications Commission apply to the alleged calls made to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims under the Telephone Consumer Protection Act are barred

because the TCPA does not apply to calls made for the purpose of debt collection.

**TWEFTH AFFIRMATIVE DEFENSE**

51.     Plaintiff's claims under the Telephone Consumer Protection Act are barred because Plaintiff gave Defendant and/or Defendant's principal prior express consent to make the alleged calls.

**THIRTEENTH AFFIRMATIVE DEFENSE**

52.     Defendant reserves the right to amend other defenses which may become apparent through the course of discovery of this case.

**WHEREFORE,** Defendant, Credit Bureau Collection Services, Inc., respectfully requests that the Court: (i) enter judgment in its favor; (ii) dismiss the plaintiff's Complaint against it; (iii) award Defendant's attorneys' fees and costs; and (iv) grant such other and further relief as the Court deems just and proper.

**DATED:**     June 21, 2012          **HISCOCK & BARCLAY, LLP**

                                      By:    s/ Paul A. Sanders
                                             Paul A. Sanders

                                      *Attorneys for Defendant*
                                      Office and Post Office Address
                                      2000 HSBC Plaza
                                      100 Chestnut Street
                                      Rochester, New York 14604
                                      Telephone: (585) 295-4426
                                      E-mail address: psanders@hblaw.com